```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
STEPHEN SMITH
                                :
    v.                          :  Civil Action No. DKC 14-3094
                                :
INTEGRAL CONSULTING SERVICES,
INC.                            :
```

### MEMORANDUM OPINION AND ORDER

Presently pending and ready for resolution in this breach of contract case is Defendant's partial motion to dismiss for failure to state a claim or for judgment on the pleadings. (ECF No. 41). For the reasons that follow, the motion will be denied without prejudice to renewing the arguments at a later time.

This case was initiated in Pennsylvania state court. After removal to federal court, Defendant moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (ECF No. 6). The motion was granted and the case was transferred to this district. (ECF Nos. 19 and 20). The parties filed a status report, indicating that, despite the fact that Defendant had not responded to the complaint on the merits, discovery should commence and a scheduling order was entered. (ECF Nos. 30 and 31). Then, instead of filing an answer, Defendant filed a partial motion to dismiss or for judgment on the pleadings. (ECF No. 34). Plaintiff then filed an amended complaint (ECF

No. 40), and Defendant again filed a partial motion to dismiss the complaint pursuant to Rule 12(b)(6) or in the alternative for judgment on the pleadings pursuant to Rule 12(c) (ECF No. 41). Plaintiff opposes the motion, contending that the motion is procedurally improper because an earlier motion under Rule 12 was filed in Pennsylvania. (ECF No. 43).

A party is directed in Rule 12(g)(2) to include all available Rule 12 defenses or objections in its first motion. Only limited issues can be raised later as provided in Rule 12(h)(2) or (3). A party does not waive the defense of failure to state a claim by omitting it from a pre-answer motion, but Rule 12(h)(2) provides that it can only be raised later in a pleading under Rule 7(a), in a motion under Rule 12(c), or at trial. Here, Defendant attempts to raise the defense in a second Rule 12 motion under Rules 12(b)(6) or 12(c). The first is not allowed because Defendant failed to raise this defense in its first Rule 12 motion, and the second is only appropriate after the pleadings are closed, which has not happened here.

While the court might, under other circumstances, consider a successive Rule 12(b) motion, this case has an additional complication that makes deferral of the merits advisable. The complaint was filed initially in Pennsylvania, but transferred here under 28 U.S.C. § 1631. The complaint does not assert what

state law applies. Defendant's motion assumes that Maryland law applies, but Plaintiff disputes that assertion and contends that Pennsylvania law will apply to the breach of contract claim. Defendant did not file a reply. Resolution of a choice of law issue, which may affect the merits of the breach of contract claim, might also be assisted by discovery. Thus, the court declines to rule definitively on Defendant's partial motion to dismiss and the motion will be denied without prejudice.

Accordingly, it is this 27th day of July, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1.  The partial motion to dismiss or in the alternative for judgment on the pleadings filed by Defendant (ECF No. 41) BE, and the same hereby IS, DENIED; and

2.  The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                  /s/
                              DEBORAH K. CHASANOW
                              United States District Judge